UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESMOND T. JOHNSON,

Plaintiff,

v.

NEW YORK STATE PAROLE DIVISION, 15 2ND AVE BROOKLYN N.Y.,

Defendant.

**MEMORANDUM AND ORDER**

25-CV-4511 (LDH) (VMS)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Desmond Johnson, currently detained on Rikers Island, filed this *pro se* action against the New York State Parole Division, alleging violations of his civil rights.[1] For the purpose of this memorandum and order, Plaintiff's motion to proceed *in forma pauperis* is granted. (*See* Mot., ECF No. 2.) For the reasons discussed below, the Complaint is dismissed with leave to file an Amended Complaint by September 14, 2026.

## BACKGROUND

Plaintiff alleges that the Brooklyn Parole Division – which the Court understands to be New York State Department of Corrections and Community Supervision ("DOCCS"), the state agency responsible for the administration of parole in New York – wrongfully detained Plaintiff. (Compl. at 4, ECF No. 1.) Plaintiff claims that the detention was wrongful because he was found not guilty for the unnamed charge for which he appeared for on November 20, 2024. (*Id.*) Plaintiff claims that he remained incarcerated for seven days until his release on November 27, 2024. (*Id.*) Plaintiff further alleges that he experienced a mental health crisis, was not able to take his mental

[1] Plaintiff originally brought this action in the United States District Court for the Southern District of New York. (*See* Compl., ECF No. 1.) On May 16, 2025, this action was transferred to this Court. (Transfer Order, ECF No. 5.)

health medicine, and that he lost his property worth two thousand dollars at the shelter he was residing at. (*Id.*)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' " *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). And under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

Plaintiff's claim against DOCCS – the sole Defendant – is barred by the Eleventh Amendment. "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (citing U.S. Const. amend. XI and *Alden v. Maine*, 527 U.S. 706, 727–28 (1999)). "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted).

DOCCS is a state agency entitled to Eleventh Amendment immunity. *E.g.*, *Stone v. New York City Dept. of Homeless Servs*., 159 Fed. App'x. 324, 325 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); *Garcia v. Div. of Parole Exec. Dept*., 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (DOCCS is "'entitled to assert the state's Eleventh Amendment

immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest'" (quoting *Santiago v. N.Y.S. Dep't of Corr. Serv.*, 945 F.2d 25, 28 n. 1 (2d Cir.1991))).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 39-40 (2d Cir.1977). Plaintiff's claim is thus barred by the Eleventh Amendment and must therefore be dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(iii).

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see also Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Here, in light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff to file an Amended Complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure.

Should Plaintiff elect to file an Amended Complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim. Plaintiff should describe what each named defendant or defendants did or did not do, and how each defendant caused Plaintiff injury, and only name defendants that were personally involved.[2]

[2] Plaintiff is advised that "in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). To establish personal involvement, a plaintiff must plead that " 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.' " *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

Plaintiff must identify the defendant(s) in both the caption and the body of the Amended Complaint. Plaintiff must also provide the dates and locations for each relevant event.

**CONCLUSION**

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff is granted until September 14, 2026, to file an Amended Complaint. The Amended Complaint will completely replace, not supplement, the original complaint. The Amended Complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 25-CV-4511 (LDH) (VMS).

No summons shall issue at this time and all further proceedings shall be stayed. Any Amended Complaint that Plaintiff elects to file will be reviewed for sufficiency. If Plaintiff fails to amend the Complaint by September 14, 2026, as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff, along with a prisoner civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 14, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge